THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 0 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00105-BNB

OSCAR HERRERA,

    Plaintiff,

v.

DEPARTMENT OF HOMELAND SECURITY (DHS),
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), and
DON O'HARA, Assistant District Counsel,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Oscar Herrera, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated in the correctional facility at Sterling, Colorado. Mr. Herrera filed *pro se* a pleading titled "Petition for Writ of Mandamus Pursuant to 28 U.S.C. § 1361 and Request for an Order to Show Cause" challenging an immigration detainer filed against him by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE).

On February 24, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Herrera to show cause within thirty days why this action in the nature of mandamus should not be dismissed because he has not presented the Court with an extraordinary situation justifying mandamus relief. On April 8, 2010, Mr. Herrera submitted his reply to the order to show cause.

Mr. Herrera has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee.

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989).

Mr. Herrera is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. **See** 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. **Green v. Nottingham**, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Herrera's filings liberally because he is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the action in the nature of mandamus will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Herrera seeks removal of an immigration detainer ICE filed against him finding him "subject to deportation from the United States." **See** mandamus complaint at ex. A. ICE apparently plans to deport him at the conclusion of his state prison sentence for second-degree burglary. Mr. Herrera asserts that he is a permanent resident alien of the United States and is not subject to deportation. He is not

2

challenging the validity of his conviction or the execution of his sentence in the instant action.

Pursuant to § 1361, the district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." *W. Shoshone Bus. Council v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

Mr. Herrera's mandamus petition challenges the same ICE detainer he challenged in a habeas corpus case he filed under 28 U.S.C. § 2241. *See Herrera v. Milyard*, No. 09-cv-00808-ZLW (D. Colo. June 24, 2009). This Court denied the habeas corpus application and dismissed the action for the reasons stated below:

> Pursuant to 28 U.S.C. § 2241(c), Mr. Herrera must be in custody for the purposes of the ICE detainer in order to

3

> challenge the detainer. Although there is no question that Mr. Herrera is in custody, he is not in ICE custody. Mr. Herrera does not assert nor does he provide any evidence that a final order of deportation has been issued. A detainer only indicates that the ICE is going to make a decision about the deportability of an alien in the future. The fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement. *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994).

No. 09-cv-00808-ZLW at 2.

In the instant action, Mr. Herrera has not presented the Court with an extraordinary situation mandating mandamus relief. Because he is not currently in ICE custody, he has no clear right to the relief sought, and the named defendants do not owe him a clear nondiscretionary duty.

Mr. Herrera has failed to show cause why this action in the nature of mandamus should not be dismissed. The action will be dismissed as legally frivolous. *See Childs v. Weinshienk*, 320 Fed. Appx. 860, 863 (10th Cir. Apr. 8, 2009) (unpublished). Mr. Herrera may pursue an adequate remedy, a § 2241 application, available to him once he is in ICE custody. Accordingly, it is

ORDERED that the action in the nature of mandamus is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 19th day of April, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00105-BNB

Oscar Herrera
Prisoner No. 122210
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/20/10

             GREGORY C. LANGHAM, CLERK

            By: _____
                Deputy Clerk